﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191118-44688
DATE: June 16, 2020

ORDER

Timeliness of a notice of disagreement (NOD) is dismissed.

FINDING OF FACT

The November 2019 notification letter does not constitute an initial decision regarding timeliness of the NOD.

CONCLUSION OF LAW

The Board lacks jurisdiction to review the Appellant’s claim. 38 U.S.C. § 7105 (a).

REASONS AND BASES FOR FINDING AND CONCLUSION

A notification letter was sent to the Appellant in November 2019. While the letter notified the Appellant of the decision made regarding the claim of entitlement to dependency and indemnity compensation (DIC), pension and accrued benefits, the letter did not adjudicate the issue of timeliness of a NOD. In pertinent part, this letter informed the Appellant:

Please Note: On December 14, 2017, we wrote in reference to your claim that you submitted a Notice of Disagreement in December 2015. We informed you of the evidence needed to substantiate that claim. We have enclosed a copy of our December 14, 2017 letter as a reminder of what VA needs to verify you submitted a Notice of Disagreement.

While this notification was included under the header of “What We Decided” within the November 2019 letter, there is no adjudication of the any issue related to the filing of a NOD. The above language stands in contrast with how the issues of entitlement to DIC, pension and accrued benefits were addressed. Regarding these issues, the Appellant was specifically informed that “we denied your claim for dependency and indemnity compensation (DIC), death pension and accrued benefits.” (emphasis added) On the other hand, the reference to a filing of a NOD, was addressed as a “please note” rather than a determination. Moreover, the remaining of the letter which explains how the decision was made, solely discussed the denial of DIC, pension and accrued benefits. Nowhere in the remaining of the letter is the timeliness of a NOD discussed. Therefore, the Board does not view the reference to the submission of a NOD in the November 2019 letter as an adjudication of any claim regarding the submission of a NOD, not even implicitly.

The Appellant submitted VA Form 10182 on November 18, 2019, listing the specific issue to be appealed as “Tim[e]liness of a Notice of Disagreement,” date of decision was listed as “undate[d], received November 18, 2019.” However, as noted above, the November 2019 notification letter does not constitute a decision or adjudication regarding the timeliness of the NOD under the modernized review system, also known as the Appeals Modernization Act (AMA). See 38 C.F.R. § 3.2400(a)(1). Thus, the VA Form 10182 received on November 18, 2019, was submitted prematurely. As mentioned above, the RO did deny claims for DIC, death pension, and accrued benefits in November 2019. The Appellant does have one year from the date of the November 2019 letter to appeal and select a review option to preserve the earliest effective benefit date with respect to these issues. 

However, and for the reasons noted above, the issue of timeliness of the NOD was erroneously certified to the Board as a direct appeal. As such, the Board lacks jurisdiction because the decision must first be reviewed by a higher-level adjudicator in the Agency of Original Jurisdiction (AOJ). 38 U.S.C. § 5104B. Therefore, the case is dismissed.

 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. L. Wallin, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.